UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

APRIL SANTOS,

    Plaintiff,

v.                                                        Case No: 6:18-cv-1945-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Unopposed Petition for Attorney's Fees (Doc. 22). Plaintiff April Santos seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d). She requests an award of fees **in the amount of $ 5,901**.[1] The motion includes a schedule of the attorney's billable hours to support the application (Doc. 22-1). Defendant has no objection to the requested relief (Doc. 22, ¶ 10).

Plaintiff asserts that she is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time the proceeding was filed was less than two million dollars.[2]

---

[1] Plaintiff's fee amount is calculated at the rate of $202.34 per hour for 2.7 hours of work performed in 2018 and $205.16 per hour for 26.1 hours of work in 2019.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

On May 15, 2019, the Court entered a final order reversing and remanding this cause back to Defendant for further proceedings pursuant to 42 U.S.C. § 405(g) (Doc. 18). The Clerk entered judgment the next day (Doc. 19). Plaintiff filed this application for attorney's fees on May 29, 2019. The motion is therefore timely.

The billable hours reported by Plaintiff's counsel and the hourly rate claimed are both reasonable for the work done on Plaintiff's behalf.

Plaintiff has attached a copy of her assignment of EAJA fees to her counsel (Doc. 22-2). Plaintiff's counsel states that the parties agree that the Commissioner will determine whether Plaintiff owes a dept to the government and if not, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to counsel (Doc. 22, ¶11). The Court need not wade into these waters. Any agreement between the parties as to payment of this judgment is outside the purview of the Court. See Astrue v. Ratliff, 560 U.S. 586, 130 S. Ct. 2521, 177 L.Ed.2d 91 (2010) (EAJA attorney's fees are awarded to prevailing party, not to the prevailing party's attorney). The parties may make whatever collection arrangements that they wish to, but the Court will not order the government to reimburse counsel directly.

Pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees is **GRANTED**. Plaintiff is awarded **attorney's fees in the amount of $5,901.**

**DONE** and **ORDERED** in Orlando, Florida on May 30, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record